IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. FOOTE,

      Petitioner,                    No. 2:08-cv-1029-LKK-JFM (PC)

    vs.

MIKE KNOWLES, et al.,

      Respondents.              <u>ORDER</u>

                               /

         Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus filed May 12, 2008.  Petitioner claims that the California Department of Corrections and Rehabilitation violated his due process rights by failing to reissue and rehear a hearing for a 2005 disciplinary violation that he asserts was referred to by the parole board in denying parole in 2006.

         On November 19, 2009 and March 29, 2010, petitioner filed two motions to expand the record, wherein petitioner sought to file the transcript of a parole hearing held on November 5, 2009 to show that the 2005 disciplinary violation that he is contesting was again considered by the parole board, even though the parole board granted parole.  The motions were granted by the undersigned on May 7, 2010.

/////

1     Presently before the court is petitioner's August 17, 2010 motion to expand the
2 record.  Petitioner seeks to supplement the record with the decision of the Fresno County
3 Superior Court denying petitioner's petition for writ of habeas corpus wherein he challenges the
4 gubernatorial reversal of petitioner's 2009 grant of parole.  On August 25, 2010, respondent filed
5 an opposition.  On September 2, 2010, petitioner filed a reply.

6     As noted by respondent, the issue in petitioner's habeas petition concerns a 2005
7 disciplinary decision that was relied upon by the parole board in 2006 in denying petitioner
8 parole.  Petitioner readily admits that he has not exhausted his state court remedies as to the
9 reversal of his 2009 grant of parole.

10    Upon review, the court again notes that insofar as petitioner is contesting the
11 November 5, 2009 parole board's reliance on the disciplinary record at issue in this matter, he
12 may do so only after he has exhausted state habeas proceedings.  See Redd v. McGrath, 343 F.3d
13 1077, 1082 (9th Cir. 2003).  To the extent that he is seeking merely to supplement the record to
14 show continued reliance on the 2005 disciplinary decision, the court finds it duplicative of his
15 previous motions to expand the record.

16    Accordingly, IT IS HEREBY ORDERED that petitioner's August 17, 2010
17 motion to expand the record is denied.

18 DATED: October 1, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;foot1029.mot(3)

2