IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL D. FOOTE,

    Petitioner,                        No. 2:08-cv-1029 LKK JFM (PC)

    vs.

MIKE KNOWLES,                   ORDER AND

    Respondent.                  FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner presently housed at California Medical Facility ("CMF") proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 22, 1979, petitioner began an indeterminate term of seven years to life for first degree murder, in violation of California Penal Code § 187. In the petition before the court, petitioner contends his due process rights were violated by the California Department of Corrections ("CDCR") when it refused to reissue and rehear a 2005 disciplinary hearing. Petitioner claims his liberty interest in parole was affected because the Board of Parole Hearings considered the disciplinary violation in denying parole on September 12, 2006.

/////

/////

/////

1

FACTUAL BACKGROUND

On June 6, 2005, while housed at Avenal State Prison, petitioner was found guilty of "Battery on an Inmate Resulting in Serious Injury" and assessed, inter alia, a 181-day loss of good time credits. (See Pet., Ex. A at 7-10.)

On August 31, 2005, petitioner filed an appeal ("the initial appeal") alleging various due process violations. (Id. at 3.) By way of relief, petitioner sought to have the Battery charge reduced to mutual combat and the three months he served in administrative segregation be deemed time served. (Id.) On October 11, 2005, petitioner's appeal was partially granted at the second level of review[1]: the Battery charge was reduced to mutual combat, but it was determined that petitioner was afforded all due process. (Pet., Ex. A at 9-10.) Petitioner's forfeiture of credits was ordered reduced to reflect the lesser charge of mutual combat. (Id. at 10.) Petitioner appealed that decision, seeking an expungement of all reports used to convict him on the Battery charge. (Id. at 4, 11-12; Pet., Ex. C at 13.) This appeal was denied at the Director's level of review on the ground that the matter was to be "reissued and reheard," and that any new issues following the rehearing should be submitted as a new appeal. (Pet., Ex. A at 13.)

Petitioner filed a new appeal ("the subsequent appeal") claiming that he did not receive a revised rule violation report ("RVR"), did not receive a notice of rehearing, and did not receive a rehearing at all, as required by CDCR regulations. (Pet., Ex. B at 2-3.) For the alleged regulatory violations, petitioner sought to have all charges against him dismissed and all material related to either charge of Battery or mutual combat be expunged from his record. (Id.) This

---

[1] The court takes judicial notice of the fact that the CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.

Due to the nature of the offense that petitioner was appealing, the first level of review was bypassed. See 15 Cal. Code of Reg. § 3084.5(b)(4).

appeal was screened on July 19, 2006 after a finding that the Director's level of review in petitioner's initial appeal mischaracterized the nature of the action taken at the second level of review. (Pet., Ex. C at 5.) The appeals coordinator concluded "that there is a misinterpretation of the Director's level response . . . where it is stated that the RVR was ordered reissued and reheard when in actuality, the modification order directed the CDO to modify the findings to a lesser charge." (Id.)

Petitioner appealed this decision to the Director's level of review on his subsequent appeal, claiming that he should have been issued a revised RVR and that the material submitted in support of the Battery charge should be expunged from his record. (Pet., Ex. C at 8-9.) The appeal was denied on the ground that it was "rejected, withdrawn or cancelled" at the second level of review. (Id. at 11.) Petitioner returned to the second level of review, wherein the appeal was again denied, this time with reference to the modification order dated October 20, 2005 from the initial appeal. (Id. at 12-13.) Petitioner once more sought relief at the Director's level, asserting that he was denied due process because he did not receive a rehearing and because the erroneous RVR should have been expunged based on the modification order. (Pet., Ex. D at 1-6.) On January 23, 2007, the appeal was denied a second time because it was "rejected, withdrawn or cancelled" at the second level of review. (Id. at 7.)

PROCEDURAL BACKGROUND

Petitioner filed a petition for writ of habeas corpus in the Riverside County Superior Court. (See Ans., Ex. 2.) Using a summary denial form, the court denied the petition for failure to state a prima facie factual case. (Id.) Petitioner appealed to the California Court of Appeal, Fifth Appellate District. (Ans., Ex. 3.) That appeal was denied on the ground that petitioner failed to "exhaust[ ] his Fresno County Superior Court habeas petition remedies . . . ."[2] (Ans., Ex. 4.) Petitioner filed an appeal with the California Supreme Court. (Ans., Ex. 5.)

---

[2] The state appellate court failed to recognize that petitioner filed a habeas petition in the Riverside County Superior Court.

Review was denied on March 12, 2008.  (Ans., Ex. 6.)

Petitioner filed a petition for writ of habeas corpus in this court on May 12, 2008. Respondent filed an answer on July 14, 2008.  Petitioner filed a traverse on July 24, 2008.

## ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.  <u>Williams</u>, 529 U.S. at 413.  A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75

4

1  (2003) (it is "not enough that a federal habeas court, in its independent review of the legal
2  question, is left with a 'firm conviction' that the state court was 'erroneous.'")  The court looks
3  to the last reasoned state court decision as the basis for the state court judgment.  Avila v.
4  Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

II.   Petitioner's Motions

    A.   Motion to Change Name of Respondent

On September 15, 2010, petitioner filed a motion to change the name of respondent from "Mike Knowles" to "Matthew Cate," Secretary of the CDCR.

A petitioner seeking habeas relief must name the state officer having custody of him as the respondent to the petition.  Rule 2(a) of the Rules Governing Section 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of the prisoner is the warden of the prison because the warden has "day to day control over" the prisoner. Brittingham v. United States, 982. F.2d 378, 279 (9th Cir. 1992).  Rule 25 of the Federal Rules of Civil Procedure allows the successor of a public office to automatically be substituted as a party.

Petitioner's request is partially granted.  The current warden of CMF, where petitioner is presently housed, is Kathleen Dickinson, not Matthew Cate.  The Clerk of the Court will be directed to modify the name of the respondent.

    B.   Motion to Expand the Record

On November 5, 2010, petitioner field a motion for expansion of the record.  For the reasons set forth in this court's October 4, 2010 order, this motion is denied.

    C.   Motion for an Evidentiary Hearing

Petitioner seeks an evidentiary hearing.  Under 28 U.S.C. § 2254(e)(2), a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary

5

hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); see also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). "[W]here the petitioner establishes a colorable claim for relief and has never been afforded a state or federal hearing on this claim, we must remand to the district court for an evidentiary hearing." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670; Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004); Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). In other words, a hearing is required if: "(1) [the defendant] has alleged facts that, if proven, would entitle him to habeas relief, and (2) he did not receive a full and fair opportunity to develop those facts[.]" Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).

Here, petitioner's request does not establish that these requirements are satisfied such that an evidentiary hearing would be appropriate. Accordingly, the court denies petitioner's request.

D. Motion to Show Cause

Petitioner filed a motion to show cause. Petitioner provides no details as to the nature of this motion. Thus, this motion is denied.

E. Motion to Appoint Counsel

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel. Therefore, this motion is denied.

III. Petitioner's Claim

Petitioner claims his due process rights were violated when the CDCR failed to reissue a RVR and rehear the charge of mutual combat. Examination of the petition and the traverse convinces the court that petitioner's claim is, in fact, composed of three sub-claims: (1)

6

petitioner's due process rights were violated because he did not receive a revised RVR and a rehearing on the mutual combat charge; (2) the CDCR violated its own regulations when it issued a modification order rather than an order to reissue and rehear the disciplinary violation; and (3) the reports in petitioner's file concerning the Battery charge and/or the mutual combat charge should be expunged.

The last reasoned rejection of this claim is the decision of the Riverside County Superior Court:

> Pursuant to California Rule of Court 4.551, the petition is denied due to the failure of the petition to state a prima facie factual case supporting petitioner's release. While the petition states a number of factual conclusions, these broad conclusions are not backed up with specific details, and/or are not supported by the record in this case.

(Ans., Ex. 2.)

Here, the Superior Court reached a decision on the merits and concluded that petitioner failed to state a prima facie case. The Superior Court, however, did not provide reasoning to support its conclusion. The California Court of Appeal and the California Supreme Court also denied petitioner's habeas petitions without analysis. Accordingly, the court will conduct an independent review of the record to ascertain whether the state court's denial was contrary to or involved an unreasonable application of Supreme Court precedent.

In a prison disciplinary hearing the concept of due process exists because an inmate has a liberty interest in having good time or earned time credited against his sentence. Once that good time or earned time has been credited against the sentence, the sentence has been shortened. The inmate has a liberty interest in being released on the earlier date. See Wolff v. McDonnell, 418 U.S. 539 (1974). Thus, good time that has been credited against a sentence cannot be taken away without affording due process. Pursuant to Wolff, an inmate facing disciplinary proceedings which may result in the loss of good time/behavioral credits must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Id. at 563-67.

Additionally, the findings of the prison disciplinary decision-maker must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. Id. at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. Id. The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary decision-maker. Id.

    A.    Revised RVR and Rehearing

Petitioner argues that he was denied due process because the CDCR failed to reissue a RVR to reflect the mutual combat charge and failed to rehear the matter. Upon review, the undersigned finds that petitioner's assertion is without merit.

Following a disciplinary hearing on a Battery charge, wherein petitioner admitted to fighting another prisoner, petitioner was found guilty and assessed a loss of good time credits. On appeal, petitioner alleged due process violations and requested that the Battery charge be reduced to mutual combat. At the second level of review, the charge was reduced to mutual combat, but no due process violations were found. Petitioner appealed to the Director's level of appeal, seeking expungement of reports related to the Battery charge. At that level, petitioner was erroneously informed that the matter was to be "reissued and reheard."

Petitioner has seized upon this language in seeking expungement of not only all material related to both charges of Battery and mutual combat, but also the guilty finding for mutual combat. Petitioner's insistence continues despite being informed repeatedly that the Director's level of review in his initial appeal mischaracterized the action taken at the second level of review – that is, the second level of review issued a modification order, not an order to reissue and rehear.

The court notes that petitioner does not contend that the finding of guilt for the mutual combat charge is erroneous or without "some evidence." See Hill, 472 U.S. at 455. In fact, in his initial appeal, petitioner affirmatively sought a reduction of the Battery charge to mutual combat. "Some evidence" also exists in the form of petitioner's admission at the disciplinary hearing that he participated in mutual combat and health records showing that the other prisoner sustained injuries. (See Pet., Ex. A at 3, 7-11.)

Therefore, petitioner's claim that his due process rights were violated by the CDCR for its failure to reissue the RVR and rehear the matter is without merit because a reissue and rehearing was never ordered.

### B. Reissue / Rehearing v. Modification Order

Petitioner also argues that even if a modification order was issued, he should have received an order to reissue / rehear the matter pursuant to 15 Cal. Code of Regs. § 3084.5(h). This claim is not cognizable on habeas review. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). Petitioner's claims regarding his prison appeals is not grounded in federal law and is therefore not cognizable in this federal habeas corpus proceeding. Petitioner has no federal constitutional right to have his prison appeals addressed in any particular manner. Cf. Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) (errors in a state post-conviction review proceeding are not addressable through federal habeas corpus).

### C. Expungement

Lastly, petitioner requests expungement of material related to the Battery and/or the mutual combat charges.

Under Docken v. Chase, 393 F.2d 1024, 1028-29 (9th Cir. 2004), the question before the court is whether expungement of these records is "likely" to accelerate petitioner's eligibility for parole, Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), or "could

potentially affect the duration of his confinement." Docken, 393 F.3d at 1031. As a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement. Pursuant to CCR section 2402(a), a prisoner that "will pose an unreasonable risk of danger to society if released from prison" is not suitable for release from prison, regardless of the amount of time served. In considering suitability, the Board is required to consider "all relevant, reliable information available," including "involvement in other criminal misconduct which is reliably documented" and "behavior before, during, and after the crime." 15 Cal. Code Regs. § 2402(b). The circumstances tending to show unsuitability include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." Id. § 2402(c)(6). Likewise, institutional behavior is given additional consideration amongst the circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. § 2402(d)(9). The unsuitability and suitability factors are "set forth as general guidelines" to be considered by the parole board. Id. § 2402(c), (d).

For the reasons set forth above, petitioner is not entitled to expungement of the mutual combat conviction or any materials related thereto, and any reference to the mutual combat conviction by the Board of Parole Hearings is not improper.

Insofar as petitioner is requesting that the material related to the Battery charge be expunged, this request should be denied because petitioner has not shown that expungement of these materials is likely to accelerate his eligibility for parole or potentially affect the duration of his confinement. See Bostic, 884 F.2d at 1269; Docken, 393 F.3d at 1031. The record reflects that at the parole hearing on September 12, 2006, the parole board relied only on the mutual combat conviction in denying parole. (See Pet., Ex. I at 22-23, 36-40, 48, 53, 64-65.) The record also reflects that petitioner repeatedly admitted his involvement in the fight. (See id. at 22-23, 37-38.) The only reference to the Battery charge occurred when the parole board referred to petitioner's appeals in the matter, which were before them at the hearing, whereupon petitioner argued that the CDCR should have reissued and reheard the disciplinary violation.

(Id. at 36-40.) Ultimately, the parole board denied parole in reliance on numerous factors, including "a recent serious 115 disciplinary report . . . for mutual combat." (See id. at 59-66.)

Petitioner's supplemental exhibits also show that only petitioner's mutual combat conviction was considered by the parole board at subsequent hearings on October 6, 2008 and November 6, 2009. (See Ex. K (Doc. No. 15) at 63, 72-76, 110; Ex L (Doc. No. 18) at 100-01.) Notably, petitioner was granted parole at the November 2009 hearing. (See Ex. L at 95.) The parole grant, however, was reversed on April 5, 2010 by Governor Arnold Schwarzenegger relying, in part, on the mutual combat charge. (See Ex. M (Doc. No. 19) at 9.)

Petitioner thus fails to demonstrate that the state court's determination was contrary to clearly established federal law or resulted in an unreasonable determination of the facts. Accordingly, petitioner is not entitled to federal habeas relief.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus should be denied. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). The undersigned finds that petitioner has not made a substantial showing and thus recommends that a certificate of appealability should not issue.

Accordingly, IT IS HEREBY ORDERED that

1. Petitioner's motion to change the name of the respondent is granted. The Clerk of the Court is directed to change the name of respondent to Kathleen Dickinson;

2. Petitioner's motion for expansion of the record is denied;

3. Petitioner's motion for an evidentiary hearing is denied;

4. Petitioner's order to show cause is denied;

5. Petitioner's motion to appoint counsel is denied; and

IT IS HEREBY RECOMMENDED that

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The district court should decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 29, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;foot1029.157